Roberta L. Wilson,                                          Civil No. 12-1223 (DWF/LIB)

          Plaintiff,

v.                                                          **ORDER ADOPTING REPORT**
                                                           **AND RECOMMENDATION**

Carolyn W. Colvin (Acting Commissioner
Of Social Security),

          Defendant.

      This matter is before the Court upon Plaintiff Roberta L. Wilson's ("Plaintiff's")

Objections, (Doc. No. 18), to Magistrate Judge Leo I. Brisbois's August 2, 2013 Report

and Recommendation (Doc. No. 15).  The Report and Recommendation recommends

that:  (1) Plaintiff's Motion for Summary Judgment, (Doc. No. 8), be denied;

(2) Defendant's Motion for Summary Judgment, (Doc. No. 11), be granted; and (3) if the

Report and Recommendation is adopted, that Judgment be entered accordingly.  (Report

and Recommendation ("R&R") at 35.)   On August 12, 2013 Plaintiff filed Objections to

the Report and Recommendation, (Doc. No. 18), and on August 26, 2013 Defendant filed

a responsive memorandum addressing Plaintiff's Objections (Doc. No. 20).

      The Court has conducted a *de novo* review of the record, including a review of the

arguments and submissions of counsel, and including the Administrative record in this

matter, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b).

The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of addressing Plaintiff's objections.

Plaintiff argues that: (1) the Report and Recommendation failed to analyze the opinions of Dr. Lace with the appropriate weight and, as a result, erroneously determined that Dr. Lace was not an acceptable medical source; (2) the Report and Recommendation incorrectly characterized Dr. Lace as Plaintiff's witness which implied that Dr. Lace was not an impartial witness; (3) the Report and Recommendation failed to appropriately consider the opinions of other health care workers who provided treatment to Ms. Wilson, including Theresa Carr, CNS, the Vocational Expert, and Penny Klitzki, ARMHS worker; (4) the Report and Recommendation failed to consider that the Administrative Law Judge ("ALJ") did not use the proper legal standard when it evaluated the evidence provided by Ms. Carr and Ms. Klitzki; (5) the Report and Recommendation failed to consider that the ALJ failed to evaluate the consultative examiners appropriately, and incorrectly weighed their opinions; and (6) the Report and Recommendation accorded too much weight to GAF ratings assigned by persons providing mental health services contrary to other conflicting evidence.

For judicial review of the Commissioner's decision to deny disability benefits the Court must examine whether the ALJ's decision "is supported by substantial evidence on the record as a whole." *Tellez v. Barnhart*, 403 F.3d 953, 956 (8th Cir. 2005) (citations omitted). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's

findings, the court must affirm the ALJ's decision." *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) (citations omitted).

The central issue under consideration in the R&R is the ALJ's determination that Plaintiff would not still be disabled if she stopped using drugs and/or alcohol and that she would have only mild restrictions in activities of daily living if she stopped abusing substances. (R&R at 20-21.) In the Report and Recommendation, the Magistrate Judge concluded that "[c]ertainly Wilson has many psychosocial factors contributing to depression and anxiety, and one could easily believe a person with her problems might be severely depressed and anxious, but there is substantial evidence in the record supporting the ALJ's determination that substance abuse was a contributing factor material to disability." (R&R at 35.)

The Report and Recommendation cites to at least the following evidentiary support found in the Administrative Record for the ALJ's findings: Plaintiff's psychiatric medications controlled her symptoms when she was not using drugs or alcohol (*see* R&R at 28, 31-34); Plaintiff's GAF scores of 55-60 supported the ALJ's conclusion that her symptoms were only moderate when she was abstaining (*id.*); Plaintiff's ability to attend school and look for work after her disability onset date was inconsistent with disability (*id.*); Plaintiff's mental exams were relatively normal when she was abstaining (*id.*); Plaintiff's daily activities were also inconsistent with disability (*id.*); and the R&R found that all of the above-listed evidence was corroborated by the examining consultants' opinions (*id.*).

In the Report and Recommendation, the Magistrate Judge also held that "it was proper for the ALJ to take the additional evidence of record into account in determining Wilson's residual functional capacity." (R&R, at 34 *citing Casey v. Astrue*, 503 F.3d 687, 697 (8th Cir. 2007) (affirming the ALJ who relied on the reviewing physician's opinion together with other medical evidence in the record in arriving at RFC determination); 20 C.F.R. § 404.1527(c)(3) ("[w]e will evaluate the degree to which [nonexamining] opinions consider all of the pertinent evidence in your claim"); 20 C.F.R. § 404.1527(b) ("we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive"); 20 C.F.R. § 404.1545(a)(1) ("[w]e will assess your residual functional capacity based on all the relevant evidence in your case record").)

Finally, the Magistrate Judge found that the ALJ accorded proper weight to each of the medical sources involved in the case based on an examination of consistency amongst the medical opinions and the evidence in the record. (R&R at 30-31.)

The Court notes that those professionals, both medical and non-medical, who have worked most closely with Plaintiff, have found and documented an ongoing history of at least depression, anxiety, personality disorders, back pain, and hepatitis C irrespective of her chemical dependency status. (*See* R&R at 8-9.) A number of those sources opined that she would continue to be disabled by those medical issues even if she stopped her addictive behavior, and that she could not perform jobs identified by the vocational expert. (*Id.* at 12, 18-19.) The Court respectfully rejects the assertion by the ALJ, joined in by the Commissioner, that the testimony and documentation of a highly trained and

educated physician's assistant and ARMHS worker, Ms. Klitzki, should be given little to no weight. The ALJ may use evidence from other sources (non-medical) to show the severity of an individual's impairment (SSR 06-3p at *45595-96), but the ALJ fails to explain his dismissal of this source's testimony beyond her status as a non-qualified medical professional. Professionals like Ms. Klitzki are precisely the individuals whose testimony should be considered in matters such as this one; who spent the most time with Ms. Wilson; and who displayed an understanding of the complicated interrelationship between addiction and mental health issues related to disability. Numerous initials behind one's name, whether an M.D. or some other initials, should not be tantamount to determinative expertise in this very complicated and oftentimes misunderstood area of mental health and addiction and should be given their due weight along with sources like Ms. Klitzki. This Court notes that its own view of the record shows that Plaintiff is unable to work, and based on the evidence before it, this Court would have found that Plaintiff was disabled and should have received an award of benefits. However, this Court finds the ALJ's view of the record can also be supported by one view of the evidence and by testimony and opinions offered in this matter, and for this reason the Court must concur with the R&R.

Therefore, having carefully reviewed the record *de novo* and having carefully considered all of the arguments and submissions of the parties, the Court concludes that Plaintiff's objections do not warrant departure from the Magistrate Judge's ultimate Recommendation and agrees with the Magistrate Judge's conclusion that the position

taken by the ALJ can be supported by the evidence in the record.  The Court, being

otherwise duly advised in the premises, hereby enters the following:

## ORDER

1.      Plaintiff Roberta L. Wilson's objections (Doc. No. [18]) to Magistrate

Judge Leo I. Brisbois's August 2, 2013 Report and Recommendation are **OVERRULED**.

2.      Magistrate Judge Leo I. Brisbois's August 2, 2013 Report and

Recommendation (Doc. No. [15]), is **ADOPTED**.

3.      Plaintiff's Motion for Summary Judgment (Doc. No. [8]) is **DENIED**.

4.      Defendant's Motion for Summary Judgment (Doc. No. [11]) is

**GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  September 27, 2013          s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge